PER CURIAM.
¶1 Palisades Properties, Inc. ("Palisades") appeals from a judgment dismissing its complaints against the Town of Menasha. Palisades had challenged the Town's assessments of unbuilt condominium parcels for the years 2013-15. For the reasons that follow, we affirm.
¶2 Palisades is a Wisconsin corporation organized for the purpose of purchasing land located in the Town of Menasha[1] and developing it for sale as a condominium complex. Palisades purchased land in 1996-1997 and filed a declaration of condominium in 2007. It planned to build a series of four-unit condo buildings. Some of the buildings would sit adjacent to a central pond, while others would sit across the street from the pond. The plan also included a future expansion area for additional condo units.
¶3 As of January 1, 2013, Palisades was the record owner of thirty-six platted but unbuilt condominium parcels. It also owned four unplatted parcels in the future expansion area. That year, the Town assessed the properties' value as follows: (a) eight platted parcels (adjacent to the pond) at $21,000; (b) twenty-eight platted parcels (across the street from the pond) at $18,000; (c) two unplatted parcels at $18,000; and (d) two unplatted parcels at $8,000. The assessments remained essentially unchanged for the years 2014 and 2015.
¶4 Palisades objected to the assessments and filed multiple complaints in the circuit court. The complaints included a claim that the Town had violated Palisades' civil rights under 42 U.S.C. § 1983 by denying its right to a fair assessment. The circuit court dismissed the § 1983 claim as not ripe, and the matter proceeded to a bench trial.
¶5 At trial, the Town presented expert testimony from its assessor who utilized a comparable sales approach to justify the assessments. Palisades, meanwhile, presented expert testimony from an appraiser who relied primarily on an income approach to valuation. Palisades also presented two witnesses who discussed, among other things, the future expansion area and the number of condo units that could be built there.[2]
¶6 Ultimately, the circuit court determined that a comparable sales approach could be employed in the case and that such sales supported the assessments. It further determined that the assessment of four parcels in the future expansion area was appropriate. Accordingly, the court concluded that Palisades had not overcome the presumption of correctness afforded to the assessments and dismissed its complaints. This appeal follows.
¶7 Under WIS. STAT . § 70.32(1) (2015-16),[3] Wisconsin tax assessors must value real property in accordance with the Wisconsin Property Assessment Manual (WPAM), absent conflicting law. Walgreen Co. v. City of Madison , 2008 WI 80, ¶3, 311 Wis. 2d 158, 752 N.W.2d 687. Assessments are presumed correct, see WIS. STAT . § 70.49(2), unless they do not conform with WPAM or Wisconsin law, Allright Props., Inc. v. City of Milwaukee , 2009 WI App 46, ¶12, 317 Wis. 2d 228, 767 N.W.2d 567.
¶8 WPAM and Wisconsin law set forth a three-tier system in valuing properties generally. Id. , ¶20; see also WIS. STAT . § 70.32(1). A recent arm's-length sale of the property is the best evidence of value and is the basis for an assessment under tier one. Allright Props, Inc. , 317 Wis. 2d 228, ¶21. If, as in the present case, there has been no recent sale, an assessor must consider sales of reasonably comparable properties, which is the tier two approach. Id. , ¶22. In the absence of comparable sales data, the assessor determines the value under tier three, which permits consideration of "all the factors collectively which have a bearing on value of the property in order to determine its fair market value." Id. , ¶29 (citation omitted). An income approach to valuation fits into this analytic framework. Id.
¶9 In reviewing a circuit court's decision, we defer to its findings of fact. Id. , ¶13. When more than one reasonable inference can be drawn from the evidence, we must accept the inference drawn by the fact finder. Bloomer Housing Ltd. P'ship v. City of Bloomer , 2002 WI App 252, ¶12, 257 Wis. 2d 883, 653 N.W.2d 309. Conversely, application of the law to the facts presents a question of law, which we review de novo. Allright Props., Inc. , 317 Wis. 2d 228, ¶13.
¶10 On appeal, Palisades contends that the circuit court erred in dismissing its complaints against the Town. It faults the court for resolving the case via the comparable sales approach instead of its proposed income approach. It also faults the court for upholding the assessment of four parcels in the future expansion area.
¶11 We are not persuaded that the circuit court erred in resolving the case via the comparable sales approach. To begin, such an approach is favored over an income approach under the three-tier system for valuing properties. Moreover, both experts were comfortable enough with comparable sales to use them in their analyses.
¶12 At trial, the Town's expert relied upon multiple exhibits showing comparable sales of properties to support the assessments. Likewise, Palisades' expert utilized comparable sales to determine the retail selling price of each parcel.[4] Both sides made some adjustments to reflect differences in properties. In particular, Palisades' expert considered such factors as location, economic trends, and unit type (e.g., duplex versus a four-unit condo building) in making his calculations.
¶13 Based upon the experts' use of comparable sales, the circuit court reasonably concluded that such an approach could be employed in the case. It noted that "both parties have indicated the sales approach and the average or approximate value that they feel is appropriate utilizing that sales approach. Both sides have provided for various unbuilt ... condo lots that would be characterized as comparable types sales with some adjustments that had been provided for."
¶14 The circuit court also reasonably concluded that comparable sales supported the assessments. The Town's exhibits showing comparable sales reflect an average sale of $18,000 in 2013, $21,285.71 in 2014, and $24,160 in 2015.[5] Meanwhile, Palisades' expert used comparable sales to calculate an average retail selling price of $15,500 in 2013, $17,000 in 2014, and $18,000 in 2015. Although these prices are a bit lower than the Town's average sales, they are, as the court observed, "within [the] ballpark" of the assessments.
¶15 Finally, we are not persuaded that the circuit court erred in upholding the assessment of four parcels in the future expansion area. As the court aptly noted, two of those parcels were assessed at $8000 each. Thus, if the area can only accommodate three condo units due to space limitations, "the $8,000 doubled would be $16,000," which is "real consistent or in the ballpark" with the assessed value of a single parcel.
¶16 For these reasons, we agree with the circuit court that Palisades had not overcome the presumption of correctness afforded to the assessments. Accordingly, we affirm the court's dismissal of Palisades' complaints.[6]
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

The Town of Menasha ceased to exist in the fall of 2016. Much of the property that was located in the Town, including the Palisades' property, became a part of the newly-incorporated Village of Fox Crossing. For purposes of clarity and consistency, we will refer to the assessing municipality throughout this opinion as the "Town of Menasha" or "the Town" instead of its current name, "Village of Fox Crossing."

There was a dispute over how many condo units could be built in the future expansion area due to space limitations. A civil engineer involved in the project testified that four condo units could be built with plan modification. However, one of Palisades' owners testified that, at most, three condo units could be built. The area itself has four water stubs, which suggests the possibility of four condo units.

All references to the Wisconsin Statutes are to the 2015-16 version.

Palisades' expert then used the retail selling price of each parcel as an input in the income approach.

This last figure does not include one listed property (a condo parcel on a lake), which sold for $66,000.

In its appellate brief, Palisades also objects to the circuit court's earlier decision to dismiss its 42 U.S.C. § 1983 claim. Because the court properly rejected Palisades' challenge to the assessments, we perceive no error in dismissing that claim.